IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| JOHN MORRIS III,<br><br>        Plaintiff,<br><br>    v.<br><br>BIOTRONIK, INC., *et al.*,<br><br>        Defendants. | Case No. 21-cv-00509-DKW-WRP<br><br>**ORDER (1) GRANTING MOTION TO TRANSFER, (2) HOLDING IN ABEYANCE MOTION TO DISMISS, AND (3) TRANSFERRING ACTION TO THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF OREGON** |

Defendant Biotronik, Inc. moves to transfer or, alternatively, to dismiss this action ("motion"), arguing that Plaintiff's claims are based upon a written agreement containing a forum selection clause that mandates the submission of disputes arising out of said agreement to the courts of Oregon.   Because the U.S. Supreme Court has made explicit that only in "extraordinary circumstances" should a parties' agreement to a valid forum selection clause be defeated, and because no such circumstances exist here, the Court agrees that transfer is appropriate.

To avoid the forum selection clause to which he agreed, Plaintiff points to his purported inability to bring a full-throated presentation of his claims in Oregon–grounds that the Supreme Court has already rejected.   Plaintiff also fails

to identify any public policy that would be violated by enforcing the forum selection clause.

Biotronik's motion is GRANTED to the extent that this case is ordered transferred to the District of Oregon.   Because transfer is being ordered, the Court does not address any of Biotronik's arguments for dismissal and holds them in abeyance pending transfer.

## PROCEDURAL BACKGROUND

On December 2, 2021, Plaintiff John Morris III (Plaintiff or Morris) initiated this action in the First Circuit Court of the State of Hawai'i, Dkt. No. 1-2, alleging that Defendant Biotronik, Inc. (Defendant or Biotronik) breached an Authorized Independent Sales Representative Agreement (Agreement) between the parties and violated Hawai'i public policy by terminating the Agreement on September 14, 2021.   According to Plaintiff, he was terminated after an altercation with one of Defendant's customers, which resulted in Plaintiff striking the customer with a "closed fist" after the customer allegedly "sprayed" saliva on Plaintiff.   *Id*. at ¶¶ 18-19, 22.

On December 27, 2021, Defendant removed the case to this Court on the basis of diversity jurisdiction.   Dkt. No. 1.   On January 13, 2022, Defendant filed the instant motion to transfer and/or motion to dismiss.   Dkt. No. 13.   Plaintiff has

filed an opposition to the motion, Dkt. No. 17, to which Defendant has replied,

Dkt. No. 18.   This Order follows.

## LEGAL STANDARD

Pursuant to 28 U.S.C. Section 1404(a), a district court may, in the interest of

justice, transfer a civil action to any other district or division where it might have

been brought "[f]or the convenience of parties and witnesses…."   However, when

parties have agreed to a valid forum selection clause, the United States Supreme

Court has explained that "a district court should ordinarily transfer the case to the

forum specified in that clause. Only under extraordinary circumstances unrelated to

the convenience of the parties should a § 1404(a) motion be denied."   *Atl. Marine*

*Constr. Co., Inc. v. U.S. Dist. Court for W. Dist. of Tex.*, 571 U.S. 49, 62 (2013).

More specifically, the Supreme Court explained that, in weighing whether

transfer is appropriate, "the plaintiff's choice of forum merits no weight[]" and,

instead, "the plaintiff bears the burden of establishing that transfer to the forum for

which the parties bargained is unwarranted."   *Id*. at 63.   The Supreme Court

further explained that the parties' private interests, such as the inconvenience of a

pre-selected forum, should not be considered.   *Id*. at 64.   Finally, the Supreme

Court held that, while a district court may consider public interest factors, "rarely"

will such factors defeat a motion to transfer based upon a forum selection clause.

As a result, the Supreme Court explained that "forum-selection clauses should control except in unusual cases."  *Id*.

## DISCUSSION

As explained more fully below, this is not an unusual case.   Rather, Morris' arguments reflect its normalcy.   Morris first contends that the forum selection clause is "unconscionable" because it requires him to litigate in Oregon, a place where he does not conduct business, even though Biotronik "derived economic benefit" from the State of Hawai'i.   Dkt. No. 17 at 6.[1]   Morris goes on to assert that litigating in Oregon would "overwhelmingly prevent" him from prosecuting his case, as most of his "key" witnesses are residents of Hawai'i.   *Id*. at 6-7. These arguments, clothed in the guise of unconscionability under State law, simply masquerade as grounds for defeating a forum selection clause that the Supreme Court has already rejected.   *See Atl. Marine*, 571 U.S. at 64 ("When parties agree to a forum-selection clause, they waive the right to challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses, or for their pursuit of the litigation.").   Therefore, this Court too rejects them here.

---

[1]Morris also appears to contend that the entire Agreement is unconscionable, Dkt. No. 17 at 5, which is, at the very least, ironic given that his claims for breach of contract are premised on there being a valid contract between the parties.

Next, Morris argues that an entirely different provision of the Agreement,
separate from the forum selection clause, is unconscionable.   Specifically, Morris
contends that a mandatory arbitration provision is unconscionable.   *Id*. at 7-10.
That, however, is entirely irrelevant to the instant analysis, which asks whether
enforcement of the *forum selection clause* is unreasonable.   *See Murphy v.
Schneider Nat., Inc.*, 362 F.3d 1133, 1140 (9th Cir. 2004) (explaining that the U.S.
Supreme Court has recognized "three reasons that would make enforcement of a
forum selection clause unreasonable[,]" none of which include considering the
alleged effect of different contractual provisions).[23]

Next, Morris argues that enforcing the forum selection clause will
"contravene several strong public policies" of Hawaiʻi.   Dkt. No. 17 at 10-14.
None come close.   First, as discussed above, Morris has failed to show that the
forum selection clause is unconscionable, let alone the entire Agreement, as he
contends.   Second, as with his other arguments, Morris relies upon other
provisions of the Agreement, including a non-compete clause, for the proposition

---

[2]Similarly, Morris simply invents the assertion that Biotronik "acknowledges that the basis for
the forum selection clause is to enforce the arbitration clause."   *See* Dkt. No. 17 at 7.
[3]Moreover, even if Morris' argument was properly made in this context, he fails to adequately
explain how the arbitration provision is unconscionable.   Instead, he simply asserts that the
provision will be "prohibitively expensive" for him.   Everything he bases this argument upon,
however, is gleaned from publicly available information on the arbitrator's website.   *See* Dkt.
No. 17 at 8-9.   Morris, therefore, only has himself to blame for signing the Agreement when he
could have easily known that it contained a provision that would render any subsequent litigation
"prohibitively expensive" for him.

that Hawaiʻi public policy would be violated.   Yet again, however, he fails to

explain how this renders enforcement of the forum selection clause against public

policy.   Rather, he appears to believe that enforcement of the forum selection

clause, which, alone, he never contends violates public policy, would lead to a

parade of horrible scenarios due to the enforcement or application of other

provisions in the Agreement.   He cites no case law, however, to support this

twisting of the public policy analysis.   *See Murphy*, 362 F.3d at 1140 (explaining

that one reason for not enforcing a forum selection clause would be "if

enforcement would contravene a strong public policy of the forum in which suit is

brought.") (quotation omitted).[4]

Next, Morris asserts that he would "essentially be deprived of his day in

court" if the forum selection clause was enforced, citing a decision from this

District in *Madoff v. Bold Earth Teen Adventures*, 2013 WL 1337337 (D. Haw.

Mar. 28, 2013).   Dkt. No. 17 at 15-18.   As Biotronik observes in reply, however,

the *Madoff* decision *pre-dates* the Supreme Court's decision in *Atl. Marine* that a

court considering whether to transfer based upon a forum selection clause should

<u>not</u> consider the inconvenience of the forum for the parties or witnesses.   *See* Dkt.

---

[4]Moreover, based upon the allegations of Morris' own Complaint, the non-compete provision is
not at issue here.

No. 18 at 7-8.   Thus, to the extent *Madoff* may have once been persuasive, it is no

longer.

Finally, Morris argues that public interest factors "overwhelmingly disfavor

a transfer."   Dkt. No. 17 at 18-20.   Nothing could be further from the truth.   In

this context, these factors include "the administrative difficulties flowing from

court congestion; the local interest in having localized controversies decided at

home; and the interest in having the trial of a diversity case in a forum that is at

home with the law."   *Atl. Marine*, 571 U.S. at 62 n.6 (quotation and alteration

omitted).   Here, Morris has made no showing that these factors present one of the

"unusual" cases that would defeat the forum selection clause.   *See id*. at 64.   First,

even assuming this District's lack of court congestion, Morris does not even

suggest that this action would suffer from any court congestion at the District of

Oregon.   Second, while Morris' altercation with one of Biotronik's customer's

may have occurred in Hawaiʻi, that does not make Morris' dispute with

Biotronik−over the alleged breach of the Agreement−a "localized" controversy for

Hawaiʻi.   Rather, the dispute is best characterized as one with interest for *both*

Oregon and Hawaiʻi.   Third, the Agreement is governed by *Oregon* law, not the

law of Hawaiʻi.   *See* Dkt. No. 13 at 43 (¶ 15.5).[5]   Therefore, *enforcement* of the

---

[5]In citing the Agreement, the Court cites the page numbers assigned by CM/ECF in the top-right corner of the document, i.e., "Page 43 of 50."

forum selection clause will result in a forum being at home with the law.   In this

light, at best, the public interest factors point to anything other than an

"extraordinary" case that dictates setting aside the forum for which the parties

contracted.[6]

## CONCLUSION

For the reasons set forth herein, the Court GRANTS the motion, Dkt. No.

13, to the extent that the Clerk of Court is directed to TRANSFER this case to the

United States District Court for the District of Oregon.   Because of said transfer,

the Court declines to address that part of the motion seeking to dismiss this action

and holds the same in abeyance pending transfer.

IT IS SO ORDERED.

Dated: February 23, 2022 at Honolulu, Hawai'i.



Derrick K. Watson
United States District Judge

*John Morris III v. Biotronik, Inc., et al;* Civil No. 21-00509 DKW-WRP; **ORDER (1) GRANTING MOTION TO TRANSFER, (2) HOLDING IN ABEYANCE MOTION TO DISMISS, AND (3) TRANSFERRING ACTION TO THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF OREGON**

---

[6]For good reason, Morris does not contend that the forum selection clause does not apply to his claims or that the clause is permissive.   Therefore, the Court does not further address those matters herein.